KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Richard J. GANGWISH, II, Respondent.

Supreme Court of Kentucky.

March 30, 1982.

Leslie G. Whitmer, Director, Kentucky Bar Assn., Frankfort, for complainant.

Richard J. Gangwish, II, pro se.

## OPINION OF THE COURT

This is a disciplinary action in which the Board of Governors of the Kentucky Bar Association found respondent guilty of violating SCR 3.135 and recommended that he be publicly reprimanded.

We have reviewed the record and find the facts to be as follows. Respondent caused an advertisement of legal services to be published in a church bulletin. The advertisement in part stated, "Wills—$15 with this ad." The Kentucky Bar Association wrote to the respondent advising him that advertisements of special discounts or the use of discount coupons was not permitted under SCR 3.135. Respondent replied by letter that he would, in the future, comply with the provisions of SCR 3.135.

Thereafter respondent authorized or caused the publication of an advertisement in a brochure of the Northern Kentucky Chamber of Commerce that respondent's law firm would provide for a period of four months a twenty-per cent (20%) discount to members of the Chamber on the cost of legal services. Respondent's law firm is a member of the Chamber. This brochure was distributed to 727 member firms in the northern Kentucky area with approximately 1100 assignee members of the Chamber who would be entitled to the services.

We find that such widespread dissemination is in fact advertisement as contemplated in SCR 3.135. A copy of the advertisement was not forwarded to the Kentucky Bar Association as provided in SCR 3.135.

Respondent argues that his advertisement constitutes speech protected by the First Amendment to the Constitution, and relies on *Bates v. State Bar of Arizona*, 433 U.S. 350, 384, 97 S.Ct. 2691, 2709, 53 L.Ed.2d 810 (1977).

There the issue before the Supreme Court was a narrow one, whether lawyers may constitutionally advertise the prices at which certain routine services will be performed.

The court stated 433 U.S. at p. 372, 373, 97 S.Ct. at p. 2703, 53 L.Ed.2d at p. 828, 829:

"It is argued that advertising of legal services inevitably will be misleading (a) because such services are so individualized with regard to content and quality as to prevent informed comparison on the basis of an advertisement, (b) because the consumer of legal services is unable to determine in advance just what services he needs, and (c) because advertising by attorneys will highlight irrelevant factors and fail to show the relevant factor of skill.

"We are not persuaded that restrained professional advertising by lawyers inevitably will be misleading. Although many services performed by attorneys are indeed unique, it is doubtful that any attorney would or could advertise fixed prices for services of that type. *The only services that lend themselves to advertising*

are the routine ones: *the uncontested divorce, the simple adoption, the uncontested personal bankruptcy, the change of name, and the like*—the very services advertised by appellants. Although the precise service demanded in each task may vary slightly, and although legal services are not fungible, these facts do not make advertising misleading so long as the attorney does the necessary work at advertised prices." (Emphasis added.)

And further its holding 433 U.S. on p. 383, 384, 97 S.Ct. on p. 2708, 2709, 53 L.Ed.2d on p. 835, 836:

"In holding that advertising by attorneys may not be subjected to blanket suppression, and that the advertisement at issue is protected, we, of course, do not hold that advertising by attorneys may not be regulated in any way. We mention some of the clearly permissible limitations on advertising not foreclosed by our holding.

"Advertising that is false, deceptive, or misleading of course is subject to restraint.... In fact, because the public lacks sophistication concerning legal services, misstatements that might be overlooked or deemed unimportant in other advertising may be found quite inappropriate in legal advertising. For example, advertising claims as to the quality of services—a matter we do not address today—are not susceptible of measurement or verification; accordingly, such claims may be so likely to be misleading as to warrant restriction. Similar objections might justify restraints on in-person solicitation. We do not foreclose the possibility that some limited supplementation, by way of warning or disclaimer or the like, might be required of even an advertisement of the kind ruled upon today so as to assure that the consumer is not misled. In sum, we recognize that many of the problems in defining the boundary between deceptive and nondeceptive advertising remain to be resolved, and we expect that the bar will have a special role to play in assuring that advertising by attorneys flows between freely and cleanly."

In a recent opinion, *In re R. M. J.*, ⸺ U.S. ⸺, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982), the court reexamined *Bates* in the context of advertising not expressly permitted in the ethical rules of the Supreme Court of Missouri. The advertisements at issue included information that the lawyer was licensed in Missouri and Illinois in large capital letters a statement that the lawyer was "Admitted to Practice Before the United States Supreme Court" and included a listing of areas of practice that deviated from the language prescribed by the rules. The court held that this advertisement was protected by the First Amendment to the Constitution of the United States in that it was not misleading.

The court stated:

"But the decision in Bates nevertheless was a narrow one. The court emphasized that advertising by lawyers still could be regulated. False, deceptive, or misleading advertising remains subject to restraint and the court recognized that advertising by the professions poses special risks of deceptive."

It is apparent that advertising as to fees is limited to fees charged for certain *routine* services and that misleading advertising can be prohibited. We are of the opinion that advertising "20% discount on legal services" is not advertising of fees for routine legal services and is misleading in every respect. We conclude that this advertising is a violation of SCR 3.135, is not protected by the First Amendment, and we adopt the Board of Governors' recommendation that respondent be publicly reprimanded.

In passing we note that *In re R.M.J.* answers respondent's complaint that the present rules do not permit advertising as to the jurisdictions in which a lawyer practices. *In re R.M.J.* permits such advertising on the theory that it is not misleading.

The respondent is found guilty of the charges and is hereby publicly reprimanded.

The costs of this action are assessed against the respondent.

PALMORE, C.J., and CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., concur.

AKER, J., dissents.

AKER, Justice, dissenting.

A reading of the record convinces me that Respondent's behavior in this matter can be attributed to inadvertence or shortsightedness. Under these circumstances I feel that the court should have assessed a penalty no more severe than a private reprimand.